**Dion WORTHINGTON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 98–CF–1273.

District of Columbia Court of Appeals.

Argued Jan. 18, 2001.
Record Remanded March 15, 2001.
Decided Aug. 22, 2002.

Before SCHWELB, FARRELL, and REID, Associate Judges.

***ORDER***

PER CURIAM.

This matter was previously before us as one of two consolidated appeals. *See*

---

*McFerguson v. United States,* 770 A.2d 66 (D.C.2001). As to co-appellant McFerguson, we affirmed the judgments of conviction. Regarding appellant Worthington, however, we remanded the record with directions for the trial court to make further findings with respect to Worthington's claim that the court had erroneously denied his motion to suppress physical evidence seized by the police from a plastic bag he was carrying. Specifically, the trial court was instructed to supplement the record by findings and conclusions of law related to the government's reliance on the doctrine of "inevitable discovery" to save the fruits of a search we had otherwise determined was made in violation of the Fourth Amendment. *See id.* at 74–76.

On remand, Judge Mize made findings and concluded, on the record before him, "that the government [had] failed to meet its burden of showing by a preponderance of the evidence that the [seized] evidence ... 'ultimately or inevitably would have been discovered by lawful means'" (Findings of Fact and Conclusions of Law at 2, quoting *McFerguson,* 770 A.2d at 75).

There is no need for us to detail the findings made by Judge Mize or to discuss his application of the law to them. Appellant maintains that the judge's findings are firmly rooted in the factual record and the law, while the government, for its part, has declined the opportunity to present argument in opposition to them. We are satisfied that the trial judge committed no error in concluding that the government had not met its burden of proof on the issue of inevitable discovery. As no argument has been made—or reasonably could be made—that the evidence unlawfully seized from Worthington was not instrumental to his convictions, the judgments of conviction as to Worthington are reversed and the case is remanded for further proceedings consistent with this order.

*So ordered.*